UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THOMAS KURTZ,

    Plaintiff,

v.                                                                          Case No. 1:24cv7-MW-HTC

CORRECTIONS OFFICER LIPKA, et. al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Thomas Kurtz, a prisoner currently incarcerated in New York, and proceeding *pro se*, has filed a handwritten complaint purporting to assert claims under 42 U.S.C. § 1983.[1]  Doc. 1.  After reviewing the complaint, the undersigned concludes this case should be dismissed because venue is not proper in this district.

Plaintiff, who appears to identify as T. Kurtz-Shay-Schumacher and as Gator Construction of Auburndale, Florida, is an inmate of New York State Department of Corrections ("SDOC"), currently incarcerated in the Mid-State Correctional Facility

---

[1] Plaintiff's complaint was not accompanied by a motion to proceed *in forma pauperis* or the full filing fee as required by the Court's Local Rules.  See N.D. Fla. Loc. R. 5.3.

located in Marcy, New York. Plaintiff sues C.O. Lipka, Sgt. Snider, Chemenge, County New York, and Broome County, New York.[2]  *Id.*

The complaint is nonsensical and mentions events on or about November 28, 2017 and, or through, August 13, 2021. From what the Court can discern, there was a "serious conflict" with correctional officers and Plaintiff asked for a transfer and an order of protection due to "his/her fear for there [sic] personal health and safty [sic] due to the situation." *Id.* at 4-5. No identifiable specific time, place, or actions are alleged. To the extent determinable, all the events pertain to Plaintiff's incarceration in New York. Plaintiff requests, *inter alia*, declarations that defendants violated the U.S. Constitution and "sensus [sic] of 2020," an investigation of violation of contracts (citing the Bible), and other incomprehensible demands. *Id.* at 7-9.

Plaintiff alleges venue is proper in "the district" under "28-26 U.S.C. Section 16.3-1391(b)(2) because the events given rise to this cause of action occurred at Gator Construction under 28-26 U.S.C. 16.30 subsection travling [sic] to cheming-Broome countys [sic] in northern district of New York." *Id.* at 1. "Having a

---

[2] Defendants Lipka and Snider are identified as SDOC employees. Doc. 1 at 2. Although not listed in the caption of the complaint, the body of the complaint additionally lists as Defendants: Drs. Robert and Scalzone as "physician(s) employed of retained by [sic] SDOC to provide medical services at the State of New York," Sergeants Wilcox and Bembizode as D.D.O.C. officers who "at all relevant times hereto" was "assigned to the state of New York, and FLA," "a correctional officer at Broome county, TIGGA County New York," "a correctional officer at countys [sic] of Northern District of New York," and Harder and Margh, "warden's [sic] of Northern district D.O.C.C.S TIGGA, Broome, Chemunge countys [sic]." *Id.* at 2-3.

correctional center employment of New York where parole and the state D.O.C.C.S involved in contract violations and civil and Governmental Law from Auberndale [sic] FLA to the state of New York witch [sic] is located in northern district of Both states of FLA and New York." Doc. 1 at 1-2.

The venue for civil actions is governed by 28 U.S.C. § 1391(b).  Under that provision, venue is proper (1) in any judicial district in which any defendant resides, (2) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which any action may otherwise be brought, in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action.  28 U.S.C. § 1391(b)(1)–(3).

Venue is not proper in the Northern District of Florida under any of those subsections.[3]  Plaintiff has alleged no facts showing any substantial events or omissions occurred in this district.  Plaintiff does not allege any Defendant is a resident of this district, and there are no facts showing that any Defendant is subject to the court's personal jurisdiction in this district.  The only remotely tangential connection to the State of Florida is Plaintiff's identification of him/herself as Gator Construction of Auburndale, Florida.  However, there is no indication any of the

---

[3] Indeed, Plaintiff states he has filed two other lawsuits which include the same facts as alleged herein.  Although Plaintiff does not identify those cases by title or number and does not state where they were filed, a PACER search reveals that Plaintiff has filed four cases in the federal district courts in New York.

Case No. 1:24cv7-MW-HTC

alleged incidents occurred there and, in any event, Auburndale is in Polk County which falls within the territorial jurisdiction of the Middle District of Florida.

Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss the action or transfer the action to the appropriate venue. Given the frivolous nature of the allegations, dismissal rather than a transfer would be appropriate. *See Emrit v. Barkley*, 2023 WL 2355906, at *3-4 (S.D. Ala. Feb. 3, 2023), *report and recommendation adopted*, 2023 WL 2352359 (S.D. Ala. Mar. 3, 2023) (dismissing Plaintiff's complaint because it is "implausible and borderline delusional").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for improper venue.

2. That the clerk close the file.

At Pensacola, Florida, this 22nd day of January, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1.

Case No. 1:24cv7-MW-HTC